248

**McCALL STOCK FARMS INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–1003C.**

United States Court of Federal Claims.

Dec. 10, 1992.

Frederick B. Anderson, West Des Moines, IA, Jonathan M. Kimple, Dallas Center, IA, for plaintiff.

Mark D. Rubino, Washington, DC, for defendant.

## *ORDER*

HARKINS, Senior Judge.

Defendant's motion to dismiss was pursuant to RCFC 12(b)(1) and 12(b)(4). Defendant's motion to dismiss pursuant to RCFC 12(b)(1) was addressed to the declaratory judgment issue in Count II of the complaint. The SBA loan has been paid in full, and the declaratory judgment issue is moot. Argument was limited to allegations in Count I of the complaint. Defendant's motion to dismiss pursuant to RCFC 12(b)(4), failure to state a claim upon which relief can be granted, concerned: (1) alleged failure to exhaust administrative remedies, (2) contention that plaintiff's claim sounds in tort, and (3) alleged violations of the due process clause of the Fifth Amendment. Defendant's alternative motion for summary judgment concerned application of the alter ego doctrine to pierce the corporate status and make ASCS payments to plaintiff available for administrative offset so as to satisfy obligations owed to SBA by John R. and Phyllis McCall.

Material facts are not in dispute. Disposition of plaintiff's claim by summary judgment procedures is appropriate.

At the close of argument, portions of defendant's motion papers were identified and adopted, and the reasons for the decision, were stated on the record.

In accordance with the statements and rulings made at the close of argument,

IT IS ORDERED:

1. The complaint alleges a breach of an ASCS contract with plaintiff, and violation by SBA of statute and regulations applicable to administrative offsets. The complaint states a claim upon which relief can be granted. Defendant's motion to dismiss pursuant to RCFC 12 is DENIED.

2. Defendant's motion for summary judgment is ALLOWED.

3. The Clerk is directed to dismiss the complaint. No costs.